IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50235
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN BEAUFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-136-ALL

_____

January 3, 2003

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[1]

John Beauford appeals his convictions for possessing with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (count one), possessing with the intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (count two), and possessing stolen firearms that had been shipped in interstate commerce in violation of 18 U.S.C. § 922(j) (count three). He was sentenced to 151 months' confinement on counts one and two and 120 months'

_____

[1]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

confinement on count three, all the confinement terms being concurrent; three year terms of supervised release were imposed on counts one and three and a five year term of supervised release was imposed on count two, all the terms being concurrent.

Beauford contends that the evidence was insufficient to establish that he intended to distribute the cocaine and cocaine base and that the firearms were stolen. Viewing the evidence and all reasonable inferences to be drawn from it in the light most favorable to the jury's verdict, the evidence was sufficient to support Beauford's convictions. *See United States v. Gourley*, 168 F.3d 165, 168-69 (5th Cir. 1999).

Beauford further asserts that 18 U.S.C. § 922(j) is unconstitutional as violative of the Commerce Clause because it extends federal control to firearm possession that does not substantially affect interstate commerce. However, as Beauford concedes, this argument is foreclosed by circuit precedent. *See United States v. Luna*, 165 F.3d 316, 319-22 (5th Cir. 1999). The judgment of the district court is

AFFIRMED.